UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 05-209(1) (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S APPEAL OF THE MAGISTRATE JUDGE'S PRETRIAL DETENTION ORDER** |
| TRUNG QUOE NGUYEN, | |
| Defendant. | |

_____

Christian S. Wilton, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN  55415, for plaintiff.

Earl P. Gray, **GRAY & MALACKO**, 332 Minnesota St., Suite W-1610, St. Paul, MN  55101, for defendant.


Defendant, Trung Quoe Nguyen, ("Nguyen"), was arrested and charged with conspiracy to distribute and possession with intent to distribute approximately 10,000 pills of ecstasy in violation of Title 21, United States Code, Section 846.  Following a hearing, United States Magistrate Judge Susan Nelson ordered Nguyen detained on June 7, 2005.  On July 1, 2005 United States Magistrate Judge Franklin Noel held a second hearing to consider new evidence bearing on the detention decision, namely that Nguyen would have a job and a local place of residence available if released, but concluded that this new evidence

was insufficient to warrant release. Nguyen now appeals the supplemental detention order. For the following reasons, the Court denies the appeal.

## BACKGROUND

Nguyen and his co-defendant, Tuan Quoc Phan, ("Phan"), arrived at a St. Paul restaurant in Nguyen's vehicle, and met with a third individual. As they were leaving the restaurant, a law enforcement officer identified himself to Phan. Phan then dropped a package containing ecstasy pills brought to the restaurant by the third individual and ran. Phan and Nguyen were both arrested. A search of Nguyen's vehicle yielded two semi-automatic weapons and large amounts of cash. After his arrest, Phan gave a statement indicating that he and Nguyen were going to Houston, Texas following the drug transaction. At the detention hearing, Special Agent Minh Pham of the Federal Bureau of Investigations testified that an informant had told him that Nguyen "collects drug debts for other drug dealers, and that the informant had heard Nguyen make death threats in connection with the collection of drug debts." (Order for Detention, ¶ 2).

At the time of his arrest, defendant was unemployed. He has apparently recently obtained assurances that, if released, he could work at a local nail salon. Nguyen has lived in St. Paul, Minnesota for two years, but prior to his arrest notified his landlord that he would not be renewing his lease when it terminated in July. Nguyen seemingly has ties to Texas, where both of the guns found were registered and where he apparently had recently sold a business. Nguyen's wife and children currently live in Las Vegas, Nevada.

## ANALYSIS

Defendant is charged with a violation of 21 U.S.C. § 846.  This charge creates a rebuttable presumption that no condition or combination of conditions exist which will reasonably assure the safety of any other person or the community.  *See* 18 U.S.C. § 3142(e).  Having reviewed the issue *de novo,* the Court finds insufficient evidence to rebut this presumption.

Initially, although Nguyen has no criminal record, evidence presented to the Magistrate Judge suggests that Nguyen has made death threats in the past in connection with illegal drug activity.  At the time of his arrest for illegal drug activity, Nguyen was in possession of two semi-automatic handguns.  This evidence supports the presumption that Nguyen presents a danger to the community.

Furthermore, Defendant does not appear to have any significant ties to the community.  Nguyen has only lived in St. Paul for two years.  Defendant's wife and children currently live in Nevada.  Nguyen's co-defendant stated that he and the defendant were leaving for Texas, where Nguyen seems to have ties, at the time of their arrest.  This reasonably supports the conclusion that Nguyen presents a flight risk.

The Court finds that the presumption of detention and the above-discussed evidence constitute clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the appearance of

defendant as required and the safety of the community.  *United States v. Orta*, 760 F.2d 887, 891 (8th Cir.1985).

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's Supplemental Detention Order [Docket No. 25] is **AFFIRMED** and the defendant's appeal of that Order [Docket No. 39] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 21, 2005                       s/John R. Tunheim
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                                     United States District Judge